PEOPLE OF PORTO RICO, Plaintiff and Appellant, *v.* SUCCESSORS OF A. MAYOL & Co., Defendants and Appellees.

No. 3578. Argued November 27, 1928.—Decided December 24, 1928.

*José E. Figueras* for the appellant. *Monserrat & Monserrat* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Section 14 of "An Act authorizing the creation of a Board of Pharmacy, determining the validity of certain diplomas of pharmacists, and for other purposes," Laws of 1921, page 134, reads in part as follows:

"No person, not a duly authorized pharmacist, may establish a pharmacy, nor shall he engage in the sale of chemical or pharmaceutical products, patent or proprietary medicines, or any kind of drug whatever."

Section 18 of the same law as amended in 1927, Session Laws, pp. 422, 428, says:

"That any person who practices pharmacy in violation of the provisions of this Act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of from one hundred (100) to two hundred (200) dollars, or equivalent subsidiary imprisonment. The Commissioner of Health is hereby charged with seeing to the enforcement of this section of this Act; *Provided,* That the words 'pharmacy', 'drug store', 'drug', 'chemical products', 'pharmaceutical products' and 'patent medicines', as used in this Act shall be understood to be defined as follows:

"(a) 'Pharmacy' is any public establishment where chemical and pharmaceutical products, patent medicines, drugs or doctors' prescriptions are prepared, composed, kept or sold at retail.

"(b) 'Drug store' is any public establishment where chemical and pharmaceutical products, patent medicines or drugs are kept and sold at wholesale; *Provided,* That the exclusive agents, representatives and grantees of national and foreign manufacturers having stocks of their products in their original packages in order thus to supply in their original form, the demand of duly authorized pharmacists and drug stores, shall not be considered as druggists for the purposes of this Act.

"(c) 'Drug' is the generic name given to all medicinal substances, whether crude or dry and whether of mineral, animal or vegetable origin. There shall be exempt from this provision: tur-

pentine, linseed oil, paints in powder or paste or prepared paints, fertilizers and their components.

"(d) 'Chemical products' are all those medicinal or industrial substances, whether simple or compound, obtained through the processes of the science and art of chemistry, whether of organic or inorganic origin.

"(e) 'Pharmaceutical products' are all medicinal substances obtained or prepared by means of the art and science of pharmacy.

"(f) 'Patent medicine' is any medicinal product prepared or contained in any original package or container and registered in the Patent Register of Porto Rico or of the United States."

A complaint filed by a local health inspector charges:

"That on the 22nd day of October, 1927, and at No. 32 Allen Street, San Juan, in the Judicial District of San Juan, Successors of A. Mayol & Co., represented by Salvador Rullán, in their establishment named 'Los Muchachos' located at No. 32 Allen St., San Juan, intentionally and maliciously and knowing that they were violating the said law, were selling to the public Listerine and Humphrey's Witch Hazel, without having in charge of said business of selling patent medicines a pharmacist duly authorized to practice his profession in Porto Rico, as provided by section 14 of Act No. 15 of May 19, 1921, as amended by Act No. 9 of May 12, 1927."

The district court, on appeal from a judgment rendered by a municipal court, sustained a demurrer to the complaint upon the theory that section 14, *supra,* is unconstitutional, in so far as it forbids the sale of patent or proprietary medicines by one not a duly authorized pharmacist. The appeal from that ruling is more or less perfunctory, having been perfected only for the purpose of obtaining a final determination of the question. Counsel for the government agree with counsel for appellee that the decision from the district court should be affirmed. We concur in that view.

"A state cannot, 'under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.'" *Liggett Co.* v. *Baldrige et al.,* decided by the Supreme Court of the United States on November 19, 1928, and cases cited.

A mere monopoly by pharmacists of mercantile traffic in patent and proprietary medicines has no real nor substantial relation to public health, morals or welfare.

The judgment appealed from must be affirmed.